IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MISSOURI UNITED SCHOOL INSURANCE COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-00653-CV-W-SWH |
| CINGEN JAMES HUNT, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This action has been brought before the Court on a Complaint for Declaratory Judgment. Through this action, plaintiff Missouri United School Insurance Council ("MUSIC") seeks a Declaratory Judgment that the Commercial General Liability self-insurance plan ("2009 MUSIC Plan Document") issued by plaintiff MUSIC to the Junior College District of Metropolitan Kansas City ("Junior College District") does not constitute a waiver of sovereign immunity based on express provisions therein. Alternatively, plaintiff MUSIC seeks a Declaratory Judgment that, to the extent a waiver of sovereign immunity is found based on the 2009 MUSIC Plan Document, sovereign immunity is only waived up to $300,000.00 pursuant to R.S.Mo. § 537.610.2, said statutory cap being subject to annual increases or decreases pursuant to R.S.Mo. § 537.610.5.

Pending before the Court are Plaintiff Missouri United School Insurance Council's Motion for Summary Judgment (doc #8) and Defendant Cingen James Hunt's Motion for Summary Judgment (doc #10).

Plaintiff MUSIC argues that the 2009 MUSIC Plan Document issued by plaintiff MUSIC

to the Junior College District does not constitute a waiver of sovereign immunity with respect to the claims and causes of action asserted by defendant Hunt against the Junior College District in <u>Cingen James Hunt v. Junior College District of Metropolitan Kansas City</u>, Case No. 11CY-CF00162, filed in the Circuit Court of Clay County, Missouri. Alternatively, plaintiff MUSIC argues that even if the 2009 MUSIC Plan Document is found to constitute a waiver of sovereign immunity with respect to the claims and causes of action asserted by defendant Hunt against the Junior College District, sovereign immunity is only waived up to $398,638.00.[1]

Defendant Hunt argues that Missouri has expressly waived sovereign immunity in cases involving injuries caused by dangerous conditions on a public entity's property. Therefore, according to defendant Hunt, whether the 2009 MUSIC Plan Document waives sovereign immunity is irrelevant. Finally, defendant Hunt argues that the coverage afforded by the 2009 MUSIC Plan Document is $2,500,000.00.

### A. <u>UNDISPUTED FACTS</u>

There does not appear to be any dispute over the facts of the case. The following facts were set out by defendant Hunt in his motion for summary judgment and admitted by plaintiff MUSIC:

> Hunt-1. Hunt filed suit for bodily injury (hereinafter "the underlying lawsuit") in the Circuit Court of Clay County, Missouri.
>
> Hunt-2. In the underlying lawsuit, Hunt alleged that on November 5, 2009, he sustained injuries and damages in a motor vehicle accident as a direct and proximate result of a dangerous condition on the property of the Junior College District, a public entity.
>
> Hunt-3. In the underlying lawsuit, Hunt alleged that while he was operating his motorcycle in a generally easterly direction on N.E. Barry Road, in

---

[1]This figure is based on 2013 calculations. The amount will need to be adjusted for 2014.

Clay County, Missouri, Tyler Fisk was attempting to turn westerly onto Barry Road from the parking lot located generally at 2601 N.E. Barry Road and, in attempting to exit the parking lot, Fisk made a left hand turn into the path of Hunt's oncoming motorcycle, causing a collision between Fisk's vehicle and Hunt's motorcycle.

Hunt-4. In the underlying lawsuit, Hunt alleged that at the time of the accident a dangerous condition existed on the property of the Junior College District.

Hunt-5. In the underlying lawsuit, Hunt alleged that the Junior College District had actual or constructive notice of the dangerous condition for a sufficient length of time that, in the exercise of due care, the Junior College District could have removed the dangerous condition and/or made it safe and/or warned of it.

Hunt-6. Hunt filed the underlying lawsuit against the Junior College District to recover compensatory damages for the injuries he suffered as a result of the November 5, 2009 incident.

Hunt-7. Hunt has made a demand in the underlying action for an amount greater than $398,638.00 and claims that the Junior College District's insurance coverage requires payment of damages in excess of $398,638.00 and up to the limits of the insurance coverage.

Hunt-8. The Junior College District has sought defense and indemnification for the claims brought by Hunt in the underlying lawsuit under a Commercial General Liability self-insurance plan issued by MUSIC to the Junior College District.

Hunt-9. The Plan provides the Junior College District with general liability coverage of $2,500,000.00 per occurrence.

Hunt-10. According to the Plan, general liability coverage includes "Premises/Operations" and "Personal Injury."

Hunt-11. The Plan provides an exclusion from coverage for all claims "barred by the doctrines of sovereign immunity or official immunity" and that "nothing in [the Plan document] shall constitute any waiver of whatever kind of the defense of sovereign immunity."

Similar facts were set out by plaintiff MUSIC in its motion for summary judgment and admitted by defendant Hunt:

MUSIC-1. On May 30, 2013, Hunt filed a Petition in the Circuit Court of Clay County, Missouri styled <u>Cingen James Hunt v. Junior College District of Metropolitan Kansas City</u>, Case No. 11CY-CV00162 ("the underlying lawsuit").

MUSIC-2. In the underlying lawsuit, Hunt alleged that he was operating his motorcycle in a generally easterly direction on N.E. Barry Road, a public thoroughfare in and for Kansas City, Clay County, Missouri, just west of Barry Road's intersection with N. Park Court, also a public thoroughfare in and for Kansas City, Clay County, Missouri on November 5, 2009.

MUSIC-3. In the underlying lawsuit, Hunt alleged that while he was operating his motorcycle in the aforesaid manner, Tyler Fisk (hereinafter, "Fisk") was attempting to turn westerly onto Barry Road from the exit of the parking lot located generally at 2601 N.E. Barry Road, Kansas City, Missouri, and, in attempting to exit the parking lot, Fisk made a left hand turn into the path of Hunt's oncoming motorcycle, causing a violent collision between Fisk's vehicle and Hunt's motorcycle.

MUSIC-4. In the underlying lawsuit, Hunt alleged that at the time of the accident a dangerous condition existed on the property of the Junior College District.

MUSIC-5. In the underlying lawsuit, Hunt alleged that the Junior College District had actual or constructive notice of the dangerous condition for a sufficient length of time that, in the exercise of due care, the Junior College District could have removed the dangerous condition and/or made it safe and/or warned of it.

MUSIC-6.[2] In the underlying lawsuit, Hunt alleged that the Junior College District waived sovereign immunity pursuant to R.S.Mo. § 537.600 (dangerous condition of property) and R.S.Mo. § 537.610 (insurance).

MUSIC-7. MUSIC issued a Commercial General Liability self-insurance plan to the Junior College District with effective dates of December 31, 2008, to December 31, 2009, and a per occurrence limit of $2,500,000.00.

MUSIC-8. The 2009 MUSIC Plan Document contains the following coverage provisions:

**MISSOURI UNITED SCHOOL INSURANCE COUNCIL**

**Combined Liability Coverage Agreement**

---

[2]This fact was modified to reflect defendant Hunt's response to it.

Primary General / Automobile Liability / School Board Legal Liability

[…]

1. **COVERAGE A: Occurrence Coverage – Bodily Injury – Property Damage – Personal Injury.** **We** will pay on behalf of a **Covered Party** all **Damages** up to the **Limit of Liability** as a result of an **Occurrence** in the **Coverage Territory**.

MUSIC-9.[3]   The 2009 MUSIC Plan Document contains the following exclusions:

**EXCLUSIONS**

19.   This Coverage Agreement does not apply to and **we** are not liable for:

k.   any **Claim** barred by the doctrines of sovereign immunity or official immunity (other than attorneys' fees and other litigation expense incurred in defendant the **Claim**) and nothing in this Document shall constitute any waiver of whatever kind of the defense of sovereign immunity;

B. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party

---

[3] This fact was modified to reflect defendant Hunt's response to it.

the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

"[A] state agency generally has sovereign immunity from common-law tort actions in all but three circumstances [two of which are pertinent in the case before this Court]: … a dangerous condition on public property, § 537.600.1(2); and where the entity has purchased liability insurance (but only to the extent of the policy's coverage), § 537.610." Wyman v. Missouri Dep't of Mental Health, 376 S.W.3d 16, 19 (Mo. Ct. App. 2012). Accord Bell v. Lincoln County R-IV Sch. Dist., 2010 WL 1423073, *2 (E.D. Mo. Apr. 9, 2010).

Defendant Hunt alleges that he was injured as a result of a dangerous condition on the property of the Junior College District. (See Undisputed Fact Nos. Hunt-2 and MUSIC-4, supra) Section 537.600 provides for an exception to sovereign immunity where a public entity's property was in a dangerous condition. Section 537.600 provides in part:

> 1. Such sovereign or governmental tort immunity as existed at common law in this state … shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:
>
> * * *
>
> (2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. …
>
> 2. The express waiver of sovereign immunity in the instances specified in … subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was

functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

The Junior College District purchased insurance. (See Undisputed Fact Nos. Hunt-8 and MUSIC-7, supra) In doing so, it has potentially waived its sovereign immunity pursuant to R.S.Mo. § 537.610. Section 537.610 provides in part:

> 1. [T]he governing body of each political subdivision of this state … may purchase liability insurance for tort claims, made against the state or the political subdivision, but the maximum amount of such coverage … shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence, … and no amount in excess of the above limits shall be awarded or settled upon. Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.
>
> 2. The liability of the state and its public entities on claims within the scope of sections 537.600 to 537.650, … shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence ….
>
> \* \* \*
>
> 5. The limitation on awards for liability provided for in this section shall be increased or decreased on an annual basis effective January first of each year in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce. …

The insurance coverage at issue contains the following disclaimer: "[t]his Coverage Agreement does not apply to and we are not liable for … any Claim barred by the doctrines of sovereign immunity … and nothing in this Document shall constitute any waiver of whatever kind of the defense of sovereign immunity." (See Undisputed Fact No. MUSIC-9, supra) According to defendant Hunt, "[t]he sole issue to be decided in this case is whether the provision that 'nothing in [the Plan document] shall constitute any waiver of whatever kind of the defense

7

of sovereign immunity' removes coverage for an incident that is clearly otherwise covered by the policy." (Defendant Cingen James Hunt's Motion for Summary Judgment (doc #10) at 4)

When an insurance policy provides a disclaimer that it does not waive sovereign immunity, section 537.610 does not trump that disclaimer. See Bell v. Lincoln County R-IV Sch. Dist., 2010 WL 1423073, *3 (E.D. Mo. Apr. 9, 2010)("a public entity retains its full sovereign immunity when the insurance policy contains a disclaimer stating that the entity's procurement of the policy was not meant to constitute a waiver of sovereign immunity"); Hendricks v. Curators of the Univ. of Mo., 308 S.W.3d 740, 744 (Mo. Ct. App. 2010)("an express non-waiver provision in a liability insurance policy purchased by a governmental entity defeats any waiver of sovereign immunity under § 537.610.1"). Thus, section 537.610 cannot provide the basis for waiving sovereign immunity in this case.

However, a waiver of sovereign immunity need not rest on the Junior College District's purchase of insurance in this case. Section 537.600.1(2) provides for an exception to sovereign immunity when an injury is caused by the dangerous condition of a public entity's property. A public entity may purchase insurance to insure against liability found for this exception to its sovereign immunity. See Casey v. Chung, 989 S.W.2d 592, 593-94 (Mo. Ct. App. 1998). Given that the entity's sovereign immunity is waived not by the purchase of insurance, but instead by a statutory exception, disclaimers in insurance policies stating that the policy does not waive sovereign immunity would not appear to come into play.

In this case, the alleged dangerous condition of the Junior College District's property provides an exception to the Junior College District's sovereign immunity pursuant to section 537.600.1(2). The sovereign immunity exception, however, is not without limits. See Greene

County v. Pennel, 992 S.W.2d 258, 262 (Mo. Ct. App. 1999)("a public entity's liability for claims arising from … dangerous property conditions is not unlimited"). The statute, along with providing the sovereign immunity exception, also limits the scope of the exception to $300,000 (plus annual adjustments). See § 537.610.2. Thus, any liability of the Junior College District is limited to $398,638.00.[4] As stated in the Pennel case, "[t]he goal of Missouri's sovereign immunity act is to limit the government's financial exposure while granting victims some compensation." 992 S.W.2d at 263.

While defendant Hunt argues that "because MUSIC and the Junior College District expressly contracted for a higher insurance limit, the statutory limits set forth in R.S. Mo. § 537.610 simply do not apply," defendant has provided no case law in support of his argument where the underlying waiver of sovereign immunity was based on the exceptions set forth in section 537.600.1. Case law, however, does suggest that public entities "enjoy[ ] the limitation on liability under the sovereign immunity provisions" despite the existence of liability coverage with higher limits. In Cottey v. Schmitter, 24 S.W.3d 126, 129 (Mo. Ct. App. 2000), the court found that "[t]he existence of the State Legal Expense Fund does not expand the state's liability beyond the sovereign immunity provisions and does not contradict the policy of limited sovereign immunity." Thus, the judgment against the Missouri Highway and Transportation Commission was limited to the cap found in section 537.610.2, while the judgment against an employee of the Missouri Highway and Transportation Commission (who did not enjoy the limitation on liability under the sovereign immunity provisions) was not so limited, even though both judgments were to be paid from the same fund. Id. at 128-29. In Greene County v. Pennel,

---

[4] This figure is based on 2013 calculations. The amount would need to be adjusted for 2014.

992 S.W.2d 258, 263-64 (Mo. Ct. App. 1999), the court found that the county commission had no authority to expand the county's liability beyond the statutory limits set forth in section 537.610 despite a policy adopted by the county that provided for unlimited liability coverage for county employees.

"Any waiver of sovereign immunity is to be construed narrowly." Casey v. Chung, 989 S.W.2d 592, 594 (Mo. Ct. App. 1998). Accord Bell v. Lincoln County R-IV Sch. Dist., 2010 WL 1423073, *2 (E.D. Mo. Apr. 9, 2010); Parish v. Novus Equities Co., 231 S.W.3d 236, 246 (Mo. Ct. App. 2007); Greene County v. Pennel, 992 S.W.2d 258, 263 (Mo. Ct. App. 1999). If sovereign immunity is waived in this case, it is waived pursuant to section 537.600.1(2), the dangerous condition exception. Section 537.610.2 states that "[t]he liability of the state and its public entities on claims within the scope of sections 537.600 to 537.650, … shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence." While the Court finds that the 2009 MUSIC Plan Document can provide coverage for a dangerous condition claim (where sovereign immunity is waived pursuant to section 537.600.1(2)), it does not appear that the purchase of insurance (with a disclaimer that nothing in the policy is meant to constitute any waiver of statutory immunity), could be found to expand the Junior College District's waiver of statutory immunity beyond the limitations set forth in section 537.610.2. Thus, any liability of the Junior College District is limited by section 537.610.2 and the adjustments required by section 537.610.5.

### C. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff Missouri United School Insurance Council's Motion for

Summary Judgment (doc #8) is granted in part and denied in part. Plaintiff's request of a finding that the Junior College District's purchase of insurance did not constitute a waiver of its sovereign immunity pursuant to section 537.610 is granted. To the extent that plaintiff is requesting a finding that it has no exposure under the policy issued in this case, such request is denied. The insurance purchased from plaintiff may provide coverage in this case if sovereign immunity has been waived pursuant to section 537.600.1(2). Such coverage is limited by the cap set forth in section 537.610.2 and the adjustments required by section 537.610.5. All other relief requested by plaintiff MUSIC in its motion is denied. It is further

ORDERED that Defendant Cingen James Hunt's Motion for Summary Judgment (doc #10) is granted in part and denied in part. Hunt has alleged injuries caused by the dangerous condition of the Junior College District's property. Section 537.600.1(2) provides an exception to sovereign immunity in such a case. Thus, defendant Hunt's motion for summary judgment is granted to the extent that the Court finds that sovereign immunity can be waived by section 537.600.1(2) if Hunt proves the elements necessary for seeking a waiver under section 537.600.1(2). However, such a waiver of sovereign immunity is limited by section 537.610.2. Thus, defendant Hunt's request that the Court find plaintiff MUSIC potentially liable for claims up to its policy limits of $2,500,000.00 is denied. All other relief requested by defendant Hunt in his motion is denied.

                                                 */s/ Sarah W. Hays*
                                                 SARAH W. HAYS
                                     UNITED STATES MAGISTRATE JUDGE